UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HAROLD RAY TROUTMAN, )
 )
          Plaintiff, )
 )
vs. ) Case No. 16-CV-539-FHM
 )
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
 )
          Defendant. )

## OPINION AND ORDER

Plaintiff, HAROLD RAY TROUTMAN, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Harold Ray Troutman's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Deborah L. Rose was held on February 23, 2016. By decision dated April 5, 2016, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 19, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 56 years old on the alleged date of onset of disability and 58 on the date of the denial decision. Plaintiff has a high school education and completed two years of college. His past work experience includes work as a handyman[2]. Plaintiff claims to have become disabled as of December 5, 2013 due to ruptured disk in neck, herniated disk in lower back, ankle problems, knee problems, and Hepatitis C. [R. 185].

## **The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to degenerative joint disease of the knees; arthralgias of the spine and ankles; and obesity. [R. 18]. The ALJ determined that Plaintiff has the residual functional capacity to perform light work in that

---

[2] Plaintiff described his past relevant work as a general contractor. [R. 35, 179]. However, the vocational expert testified that according to the Dictionary of Occupational Titles (DOT), a general building contractor is strictly supervisory whereas a handyman performs the actual physical labor. [R. 50].

2

he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours out of an 8-hour workday; and sit for 6 hours out of an 8-hour workday. [R. 19]. The ALJ determined that Plaintiff is unable to perform any past relevant work, but found based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 25, 26]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ's findings at step five of the sequential evaluation process were not supported by substantial evidence. [Dkt. 15, p. 3].

## **Analysis**

### Step Five Determination

Plaintiff argues that the ALJ erred in finding he possessed transferable contract negotiation skills from his past relevant work as a handyman. Further, that Plaintiff could work as a general building contractor with only the transferable skills of contract negotiation and cost estimation. [Dkt. 15, p. 4]. The claimant is considered to have transferable skills when skilled or semi-skilled work activities the claimant did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. According to the regulation:

Transferability is most probable and meaningful among jobs in which –

    (I) The same or a lesser degree of skill is required;
    (ii) The same or similar tools and machines are used; and

> (iii) The same or similar raw materials, products, processes, or services are involved.

20 C.F.R. § 404.1568(d)(2)

At step five, the ALJ determined that Plaintiff was not disabled because she found that there were a significant number of general building contractor jobs that he could perform in the national economy. This determination was based on the vocational expert's testimony that Plaintiff had transferable skills from work previously performed as a handyman. "When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001). The ALJ complied with these requirements indicating that Plaintiff had acquired skills of contract negotiation and cost estimation that were transferable to the job of general building contractor. [R. 23].

Although Plaintiff concedes that he has cost estimation skills, he contends that the record evidence does not support the ALJ's finding that he possessed transferable contract negotiation skills. [Dkt. 15, p. 4]. The court does not agree. The ALJ's finding is supported by Plaintiff's own testimony that he had been a general contractor from 1978 to 2013. [R. 35, 179, 181, 192]. Plaintiff operated his own business where he was the only employee with the exception of intermittently hiring contract labor. In addition to the physical labor, Plaintiff indicated he did the bookkeeping, estimates, and bids on the jobs. [R. 36-37]. Plaintiff also claimed that he supervised other people, hired and fired employees, and was a lead worker. [R. 180]. Contract negotiation is the act of two or more parties discussing points of a potential partnership arrangement. The goal is to reach an agreement that is

4

beneficial to all parties. Discussions may go back and forth between the parties until all points have been agreed upon. Discussions between Plaintiff and potential customers/subcontractors would be expected. Discussions, or "contract negotiations," would include the cost of the project; the date the work shall begin/end; and payment terms. Plaintiff, as a self-professed business owner/general contractor, would have participated in contract negotiations prior to commencing any type of construction project or hiring subcontractors. Because substantial evidence supports the fact that Plaintiff has transferable skills of contract negotiation and cost estimation, the court sees no error in the ALJ's findings.

Plaintiff argues that even if he possessed both contract negotiation and cost estimation skills, he could not perform the job of general building contractor with those transferable skills alone. Plaintiff contends that this position requires a greater breadth of skills than he possesses. [Dkt. 15, p. 5]. In support of his argument, Plaintiff points to the Dictionary of Occupational Titles[3] (DOT) description which states:

> DOT, 182.167-010, 1991 WL 647485, a contractor:
>
> Contracts to perform specified construction work in accordance with architect's plans, blueprints, codes, and other specifications: Estimates costs of materials, labor, and use of equipment required to fulfill provisions of contract and prepares bids. Confers with clients to negotiate terms of contract. Subcontracts specialized craft work, such as electrical, structural steel, concrete, and plumbing. Purchases material for construction. Supervises workers directly or through subordinate supervisors. May be designated according to specialty license or scope of principal activities as Contractor,

---

[3] *See* "Appendix C: General Education Development," in DICTIONARY OF OCCUPATIONAL TITLES, U.S. DEP'T OF LABOR, OFFICE OF ADMINISTRATIVE LAW JUDGES (4th ed.1991), *at* http://www.oalj.dol.gov/public/dot/refrnc/dotappc.htm.

General Engineering (construction); Contractor, General Building (construction).

Based on the testimony of the Plaintiff, the vocational expert concluded that Plaintiff's acquired skills of contract negotiation and cost estimation which would transfer to the job of general building contractor. [R. 23, 51]. The ALJ found that the job of general building contractor requires "the skills of negotiating contracts and cost estimation, but no additional skills the claimant does not possess." [R. 23]. Plaintiff interprets the ALJ's finding to mean that Plaintiff could perform the job of general building contractor solely with the transferable skills of contract negotiation and cost estimation. However, Plaintiff is mistaken. The ALJ found Plaintiff could perform the job of general contractor based on all of the skills he possesses, including his transferable skills of contract negotiation and cost estimation. Plaintiff also implies that a general contractor must have expertise in all areas of construction and that Plaintiff is not qualified because his experience is limited to carpentry, sheet rock, and painting. The DOT does not require such expertise. *See* DOT, 182.167-010, 1991 WL 647485. Thus, the court finds that ALJ's reliance on the vocational expert's testimony was proper.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 15th day of September, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE